**Fill in this information to identify the case:**

**Debtor 1**   Boyd, Carl Everett

**Debtor 2**   Boyd, Rozenna Wallace
(Spouse, if filing)

**United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division**

**Case Number**   21-51183
(If known)

[ x ] Check if this is an amended plan, and list below the sections of the plan that have been changed.

Part 8

Local From 3015-1(a)
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [X] Included | [ ] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [x ] Included | [ ] Not included |

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

[ ] **None**. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

In the event that relief from stay is granted to any creditor addressed in Part 3, or in the event that the Debtor surrenders the collateral to the creditor after confirmation, any resulting deficiency, after liquidation of the collateral, shall be classified and paid only as a general unsecured claim, but only up to the amount of said deficiency. Any amount unpaid on said deficiency claim shall be discharged upon completion of the plan. This special provision is intended to cover any and all secured claims, whether payment on the claims are to be made through the plan by the Trustee or to be made directly by the Debtor.

NONSTANDARD PROVISION REGARDING ALLOWANCE OF SECURED CLAIMS
1) Any creditor with a secured claim listed in the plan must have an allowed claim in order to be paid under the plan.

Local Form 3015-1(a)Chapter 13 Plan      Page 1

Debtor **Boyd, Carl Everett & Boyd, Rozenna Wallace**       Case Number

2) To have an allowed claim, a secured creditor must file a proof of claim in accordance with Bankruptcy Rule 3002, except as is setout in section 4 below.
3) If the plan lists a claim as a secured claim and the creditor files a proof of claim under Bankruptcy Rule 3002 as unsecured, the claim will be treated as unsecured, the filing of such a claim will be treated as a waiver of the security interest by the creditor.
4) If a creditor with a listed secured claim fails to file a proof of claim before the deadline under Bankruptcy Rule 3002(c), the debtor(s) may file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004, subject to the following:
a) If the debtor(s) choose to file a proof of claim on behalf of a creditor, the debtor(s) and counsel shall use their best efforts to file such claim(s) before the deadline under Bankruptcy Rule 3004.
b) A proof of claim filed by the debtor(s) under Bankruptcy Rule 3004 will nevertheless be timely as to any secured portion of the claim if it is filed no later than 14 days after the trustee files a Notice of Allowance of Claims.
c) Unless otherwise ordered by the court, the amounts listed for secured claims in the plan control over the amounts listed in any proof of claim filed by the debtor(s) under Bankruptcy Rule 3004.
5) Confirmation of the plan does not constitute allowance of claims. The trustee and the debtor(s) retain their rights to object to the allowance of any claim.

Debtors shall pay up to $10,000 from their exempt personal injury proceeds as necessary to present a confirmable plan.

ADDITION OF NON-EXEMPT PROCEEDS FROM
ACTIONS FOR PERSONAL INJURY, BREACH OF CONTRACT, ETC.
1. The Debtor have certain cause of action identified below. Upon confirmation of the plan, these cause of action shall revest in the Debtor for prosecution during the pendency of the case; however, as provided below, all non-exempt proceeds the debtor receives or becomes entitled to receive shall be paid into the plan.
2. The cause of action is described as follows: potential personal injury claim from a May 2021 auto accident .
3. The Debtor has retained counsel in the above-referenced cause of action whose
name, address, and phone number are listed below. If counsel has not yet been retained, the Debtor shall provide this information to the Trustee within thirty (30) days of retaining counsel:  Brent Smith 502-882-5176.
4. Prior to accepting any offer to compromise or settle any cause of action, the Debtor shall provide appropriate notice and sufficient opportunity to object to the proposed compromise or settlement to all creditors, the Trustee and the Court pursuant to Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure.
5. Any non-exempt recovery, net of attorney fees and costs, whether obtained by settlement, judgment, assignment, or otherwise, shall be paid to the Trustee for the benefit of the bankruptcy estate and disbursed as follows:
(a) First, to administrative claimants and costs whose efforts and actions resulted in the sale benefiting the estate;
(b) Second, to unsecured and undersecured creditors pro-rata pursuant to the priorities set forth in 11 U.S.C. Sec 726;
(c) Third, to the secured creditors, pro-rata; and
(d) Fourth, after payment of all remaining claims, administrative costs and expenses of the estate, the balance shall be refunded to the Debtor  .
6. All non-exempt proceeds shall be paid to the Trustee in addition to the plan payments and shall not alter or reduce the periodic payments due under the plan, nor shall the duration of the plan be shortened, except to the extent said proceeds shall result in payment in full to all creditors and administrative costs.
7. On or before May 1st of each calendar year, counsel for the Debtor shall provide the Trustee with a status report of the aforementioned cause of action. The status report shall contain generally a brief summary regarding the then current posture of the cause of action, and shall further include proof of any sums received and the disposition of same.

Within thirty (30) days of receipt of any bonus or performance award during the applicable commitment period, the Debtor(s) shall remit to the Trustee a payment equal to 30% of the gross bonus paid to the Debtor. All sums paid to the Trustee under this provision are in addition to the Debtor's regular plan payments and other sums payable under the plan. At the time the Debtor remits the payment to the Trustee, the Debtor(s) shall provide to the Trustee a copy of the pay advice evidencing the amount of the bonus income. In addition, on or before May 1 of each year during the applicable commitment period, the Debtor shall provide to the Trustee a copy of the Debtor's W-2 form and the year-end pay advice.

## Part 9:    Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

The Debtor(s) and attorney for the Debtor(s), if any, must sign below.

/s/ Carl E. Boyd                                              /s/ Rozenna W. Boyd
Signature of Debtor 1                                    Signature of Debtor 2

Executed on **February 23, 2022**                  Executed on **February 23, 2022**

/s/ Ryan Atkinson                                          Date: **February 23, 2022**
**Attorney for Debtor
KBA No. 86501
865011608 Harrodsburg Rd.
Lexington, KY 40504
859-225-1745
rra@ask-law.com**

Debtor **Boyd, Carl Everett & Boyd, Rozenna Wallace**          Case Number

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

## CERTIFICATE OF SERVICE

**I certify that on the date shown below I mailed a copy of the Amendment to Chapter 13 Plan, for the Debtor to the creditors listed on the matrix and to the Chapter 13 Trustee.**

*/s/ Ryan Atkinson*                                                                                  Date: **February 23, 2022**
**Attorney for Debtor**